**No. 46633.**—Protest 44261–K of Umberto Pavia (Tampa).

Opinion by WALKER, J. The testimony showed that the merchandise consisted of segments of the shell of the tortoise in its natural state, as removed from the animal; that on the live animal the segments are held together and to the animal by cartilage, and that in removing the shell from the tortoise the fishermen separate the pieces and remove the cartilage for sanitary reasons. This testimony was corroborated by the examiner of merchandise. On the record presented the claim for free entry under paragraph 1738 was sustained.

**No. 46634.**—Protest 967167–G of D. B. Berelson & Co. (Los Angeles).

Opinion by WALKER, J. The protest was sustained in accordance with stipulation of counsel.

BEFORE THE SECOND DIVISION, NOVEMBER 28, 1941

**No. 46635.**—Protest 63962–K of Strauss Bros. & Co. (New York).

Opinion by DALLINGER, J. It was stipulated that the atomizers in question are the same as those the subject of *Rice* v. *United States*, T. D. 49373. They were therefore held dutiable as household utensils at 40 percent under paragraph 339.

**No. 46636.**—Protest 868986–G of Alfred Schneier Co., Inc. (New York).

Opinion by DALLINGER, J. It was stipulated that the bottle caps in question are not decorated, colored, waxed, lacquered, enameled, lithographed, electroplated, or embossed in color, and that they are the same in all material respects as those the subject of *Cribari* v. *United States* (1 Cust. Ct. 19, C. D. 6). The protest was therefore sustained.

**No. 46637.**—Protest 864794–G of De Meo Bros. (New York).

Opinion by DALLINGER, J. In accordance with stipulation of counsel and on the authority of Abstract 38680 the curling irons and marcel irons in question were held dutiable under paragraph 339 as claimed.